IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MEDTRONIC MINIMED, INC., et al.,

    Plaintiffs,

  v.

ANIMAS CORPORATION,

    Defendant.
                               /

LIFESCAN, INC.,

    Third-party.
                               /

No. C 13-80294 WHA

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL**

      In this miscellaneous action to compel discovery for use in a civil action pending elsewhere, plaintiffs' motion to compel is **GRANTED IN PART AND DENIED IN PART**.

**STATEMENT**

      Plaintiffs and defendant are competitors in the business of making and selling insulin pumps used by individuals with diabetes. In May 2012, plaintiffs filed a complaint alleging patent infringement of nine United States patents in the Central District of California. *Medtronic Puerto Rico Operations Co., et al. v. Animas Corp.*, No. 2:12-cv-04471-RSWL-RZ (C.D. Cal. May 22, 2012). The operative first amended complaint contains no misappropriation of trade secrets or breach of contract claims for relief and does not name LifeScan, Inc. as a party. The complaint, instead, alleges that defendant Animas Corporation infringed nine patents. Now, there

1  are six asserted patents. The only accused product is the "OneTouch Ping" insulin pump. There
2  are no counterclaims (Dkt. No. 53).

3  "Animas and LifeScan, Inc. . . . are both owned by Johnson & Johnson" (Opp. 4).
4  LifeScan is in the business of making and selling meters and test strips that allow diabetic patients
5  to test their blood glucose. In 2006, plaintiffs and LifeScan entered into an agreement wherein
6  LifeScan agreed to market one of its products with a Medtronic insulin pump and plaintiffs
7  supplied LifeScan with a "proprietary RF communication protocol."

8  On October 28, plaintiffs served a subpoena on LifeScan seeking documents and a
9  deposition. The parties were unable to come to an agreement. On December 18, fact discovery
10 closed, although Judge Ronald S. W. Lew permitted the parties to take several depositions after
11 the cutoff date (Dkt. Nos. 21, 64).

12 On December 26, plaintiffs filed the instant motion to compel. Third-party LifeScan has
13 "agreed to make its own internal DHF [Design History File] available for review by Medtronic"
14 (Opp. 2). Design history files are documents required by the FDA describing the details of the
15 design, development, and operation of any product for which FDA clearance is sought.

16 On January 16, 2014, Judge Lew granted the parties' amended stipulation regarding the
17 claim construction, expert discovery, motion, and trial schedule. The expert discovery cutoff is
18 June 6 and the jury trial begins September 9, 2014 (Dkt. No. 67).

## ANALYSIS

20 Plaintiffs request an order compelling LifeScan to (1) produce documents in response to
21 requests numbers 12–14 and 21–23; (2) provide a witness on topic numbers 1–3, 7, 8, 10, and
22 12–13; and (3) pay for fees and expenses incurred with the motion.

23 Changes to Federal Rule of Civil Procedure 45 became effective on December 1, 2013.
24 The subpoena upon which plaintiffs' motion is based, however, was served in October 2013 and
25 issued by this district (Choy Decl. Exh. 4). This order recognizes that, after the rule change,
26 subpoenas now issue from the court where the action is pending but old Rule 45 nevertheless
27 applies to this motion filed in this district.

28

2

Old Rule 45(c)(1) (new Rule 45(d)(1)) makes the party issuing the subpoena responsible for taking "reasonable steps to avoid imposing undue burden or expense on the person subject to the subpoena." On timely motion, courts must quash or modify a subpoena that "subjects a person to undue burden."

**1.    DOCUMENT REQUESTS.**

Plaintiffs' document requests to third-party LifeScan are generally directed at the accused product (OneTouch Ping), plaintiffs' own insulin pumps, the relationship between LifeScan and plaintiffs, and confidential information exchanged between plaintiffs and LifeScan. All but two of the requests are overly broad and of questionable relevance to the underlying patent infringement action. This order will now address each of the requests.

> ***Request No. 12***:   All documents and communications related to the marketing and/or sale of the OneTouch Ping.

This request, unlike some of the other requests, is focused on the accused OneTouch Ping. Third-party LifeScan argues that it has already agreed to produce its own internal design history file, which "includes more than 2,500 files, or around 9.5 gigabytes of electronic information" thereby giving plaintiffs "all of the relevant information" related to LifeScan's role in the design and development of the OneTouch Ping meter-remote (Opp. 2). The parties have not indicated whether this production has been made; although counsel for plaintiffs' state that at a meet and confer on January 17, counsel for LifeScan stated they "had not yet collected or reviewed the contents of the Design History File" (Choy Decl. ¶ 14). If true, the delay for this is unexplained, considering plaintiffs' subpoena was served in October 2013. Accordingly, LifeScan is ordered to produce documents in its possession, custody, and control responsive to request number 12.

> ***Request No. 13***:   All documents and communications that relate to MiniMed, Medtronic, and any MiniMed insulin pump, remote control, or RF technology.

Unlike request number 12, this request is directed at non-accused products — specifically, plaintiffs' products. This request is unduly burdensome for a third-party, especially since the request encompasses all communications related to any of plaintiffs' MiniMed insulin pumps. The request is not sufficiently tethered to the underlying patent litigation against Animas.

3

Plaintiffs drafted the request poorly and this order will not attempt to cure such an unduly burdensome request. Accordingly, request number 13 is **QUASHED**.

> ***Request No. 14***: All competitive intelligence documents related to the OneTouch Ping or any MiniMed or Medtronic insulin pump.

Request number 14 is overly broad. Rather than focus on documents related to the accused OneTouch Ping, plaintiffs seek "competitive intelligence documents" related to the accused product and plaintiffs' products. Competitive intelligence is not defined in the subpoena, but plausibly could include documents third-party LifeScan possesses regarding competitors and products competing with the OneTouch Ping or plaintiffs' products (Choy Decl. Exh. 4). This is an unduly burdensome request for a third-party.

Plaintiffs argue that this request is based on the joint freedom-to-operate effort Animas and LifeScan employees conducted regarding one of the asserted patents. In the reply, plaintiffs argue that:

> At a minimum, LifeScan should conduct an investigation sufficient to identify LifeScan employees like Ta Khoi who worked on the '029 opinion in addition to Mr. Shay, determine whether documents related to the work of each such employee on the '029 opinion are still in LifeScan's possession, and collect, review, and produce any such documents.

(Reply 8). Request number 14 is not even remotely tailored to this purpose. Instead of issuing a narrowly-tailored request, plaintiffs drafted a broad request seeking "all competitive intelligence documents related" to the accused product and plaintiffs' insulin pumps. Accordingly, request number 14 is **QUASHED**.

> ***Request No. 21***: All documents related to the RF communication between the OneTouch Ping Meter Remote and OneTouch Ping Insulin Pump, including without limitation all prototypes and related projects.

Request number 21 is confusing as drafted but curable. LifeScan is hereby ordered to produce "All documents related to the RF communication between the OneTouch Ping Meter Remote and OneTouch Ping Insulin Pump." To be clear, LifeScan is not ordered to produce prototypes or all documents related to "related projects."

> ***Request No. 22***: All documents related to LifeScan's relationship with Medtronic and/or MiniMed and/or any technology developed for or with Medtronic and/or MiniMed.

4

Request number 22 is overly broad for it seeks, *inter alia*, all documents related to the relationship between LifeScan and plaintiffs and "any technology developed for or with" plaintiffs. It is curious why plaintiffs seek to compel a third-party to produce documents relating to its own relationship with the third-party. Perhaps, as discussed below, plaintiffs seek to probe for a potential breach of contract or misappropriation of trade secrets claim.

Nevertheless, the underlying action is a patent infringement action so any documents related to the relationship between plaintiffs and third-party LifeScan have little bearing on infringement by defendant Animas. Accordingly, request number 22 is **QUASHED**.

> *Request No. 23*: All MiniMed and Medtronic confidential information obtained by LifeScan through its Development Agreement effective December 1, 2006, with MiniMed and otherwise and all documents and agreements related to or reflecting such confidential information.

LifeScan argues that this request is directed at fishing for whether there is a breach of contract claim against LifeScan based on the 2006 development agreement between plaintiffs and LifeScan. Plaintiffs' motion states:

> MiniMed is entitled to discovery which LifeScan employees had access to [the] specification and other MiniMed confidential information shared with LifeScan, what steps LifeScan took to preserve confidentiality of MiniMed confidential information, and whether any MiniMed confidential information was communicated to Animas. This evidence is potentially relevant to Plaintiffs' claims of willful infringement as well as secondary indicia of non-obviousness, including copying of patented inventions.

(Br. 10–11). Plaintiffs cannot bootstrap discovery for some unrelated potential future breach of contract or misappropriation of trade secrets action against a third-party to the current patent infringement action.

In addition, the complaint alleges willful infringement of one patent (Compl. ¶ 45). According to LifeScan, that patent is not related to wireless technology. That is, any MiniMed and Medtronic confidential information that was obtained by LifeScan through the development agreement cannot support plaintiffs' sole willfulness allegation (Opp. 10).

On balance, this order finds that request number 23 has little bearing on the underlying patent infringement action and accordingly, the request is **QUASHED**.

**2.    DEPOSITION TOPICS.**

All but two of plaintiffs' deposition topics are overly broad, duplicative, and/or not relevant to the underlying patent infringement action. Accordingly, the following deposition topics are hereby **QUASHED**.

> *Topic No. 2*:  The matters discussed within the documents and things produced in response to the document requests set out in Attachment A to [the] subpoena.
>
> *Topic No. 7*:  Any assessment, consideration, or review by LifeScan of MiniMed products or patents during the design, development, or testing of the OneTouch Ping.
>
> *Topic No. 8*:  LifeScan's practice and procedure for assessing patent infringement risks from the manufacture, importation, use, or sale of its products in the United States and how those practices and procedures have been applied regarding the OneTouch Ping.
>
> *Topic No. 10*:  The marketing and development of the OneTouch Ping and any marketing research or competitive intelligence related thereto.
>
> *Topic No. 12*:  LifeScan's relationship with Medtronic and/or MiniMed and any technologies developed for or with Medtronic or MiniMed.
>
> *Topic No. 13*:  MiniMed or Medtronic's confidential information obtained by LifeScan through the Development Agreement effective December 1, 2006, with MiniMed or otherwise, the LifeScan employees or personnel who had access to that confidential information, and how that confidential information was considered or otherwise used by LifeScan.

LifeScan, however, is ordered to provide a witness on topic numbers 1 and 3, which are repeated below.

**CONCLUSION**

LifeScan is hereby ordered to produce documents responsive to request numbers 12 and 21, as stated below, by **FEBRUARY 3**, but only if Judge Lew authorizes this discovery, the discovery period otherwise having expired.

> *Topic No. 12*:  All documents and communications related to the marketing and/or sale of the OneTouch Ping.
>
> *Modified Topic No. 21*:  All documents related to the RF communication between the OneTouch Ping Meter Remote and OneTouch Ping Insulin Pump.

6

LifeScan is further ordered to identify a person most knowledgeable about topic numbers 1 and 3, as stated below, and make such person available for a deposition not to exceed **THREE HOURS** for the following topics.

> *Modified Topic No. 1*:   The documents and things produced in response to *document request numbers 12 and 21.*
>
> *Topic No. 3*:   LifeScan's role in the design, development, production, and manufacture of the OneTouch Ping.

The deposition shall occur by **FEBRUARY 10**, but, of course, only if Judge Lew authorizes this discovery. Each party shall bear their own costs and expenses.

**IT IS SO ORDERED.**

Dated:   January 27, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

7